BRISTOL, qui tam, *against* JACOB BARKER.

The act entitled "An act to prevent the passing and receiving of bank notes, less than the nominal value of one dollar, and to restrain unincorporated banking associations," does not restrain an individual from issuing notes, receiving deposits, and making discounts.

THIS was a *qui tam* action, brought against the defendant for a penalty of one thousand dollars, on the second section of the act entitled "An Act to prevent the passing and receiving of bank notes, less than the nominal value of one dollar, and to restrain unincorporated banking associations," 2nd Rev. Laws, 234. The section on which the action was founded, is in the following words: "2nd. And be it further enacted, that no person, unauthorized by law, shall subscribe to, or become a member of, any association, institution, or company, or proprietor of any bank or fund, for the purpose of issuing notes, receiving deposits, making discounts, or transacting any other business which incorporated banks may or do transact, by virtue of their respective acts of incorporation; and if any person, unauthorized by law as aforesaid, shall hereafter subscribe, or become a member or proprietor as aforesaid, he shall forfeit and pay, for every such offence, the sum of one thousand dollars, to be recovered by any person who shall sue for the same, in an action of debt, one half thereof to his own use, and the other half to the use of the people of this state. And all notes and securities for the payment of money, or the delivery of property, made or given to any such association, institution, or company, not authorized as aforesaid, shall be null and void." The plaintiff then proved that the defendant, at the time laid in the declaration, was

the proprietor of a bank called the "Exchange Bank," in the city of New-York; that, from that bank, notes were issued, and that deposits were received there, and discounts made; but the witness who proved those facts, stated, on his cross-examination, that the defendant was the sole owner of the establishment, and was not associated with any other person or company in said bank.

*Wells*, for defendant, on this testimony, moved a nonsuit.

*T. L. Ogden*, contra.

THOMPSON, C. J. I can see no foundation for this action. The statute is penal, and a very plain and obvious construction appears on the face of it. It was intended to restrain banking associations unincorporated. An individual may certainly, by law, issue notes, receive deposits, and make discounts.

Plaintiff non-suited.(1)

(1) This case came before the Supreme Court, upon a motion to set aside the non-suit, which was decided in May term, 1817, (14 Johns. 208.) The construction given to the statute at *Nisi Prius*, was confirmed by the court. The only difficulty to which the attention of the court seems to have been drawn, in opposition to that construction, arose from the word "*proprietor*," as used in the act. And, upon this, the court remarked that there was no difficulty in giving force and effect, to all the words used in the act, and still confining their application to companies, or associations, except as to the word proprietor; in regard to which they observed that there appeared, at first view, to be some little difficulty; but that, taking the whole section together, that word might be satisfied by considering it used as synonymous to the word member, and that the clause might then be read and understood as declaring that no person, unauthorized by law, should become a member, or proprietor with others, of any bank or fund, &c.